U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT 22 2013
CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TIMOTHY MCLAUGHLIN AND SANDRA MCLAUGHLIN, | § § § | |
| Plaintiffs, | § § | |
| VS. | § | NO. 4:13-CV-846-A |
| | § | |
| DEUTSCHE BANK TRUST COMPANY AMERICAS AS TRUSTEE FOR RALI 2005QS17, | § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION
### and
### ORDER

The court has not been persuaded that it has subject matter jurisdiction over the above-captioned action. Therefore, the court is ordering the action remanded to the state court from which it was removed.

### I.

### Background

Plaintiffs, Timothy McLaughlin and Sandra McLaughlin, initiated this action by filing their original petition and application for temporary restraining order in the District Court of Tarrant County, Texas, 17th Judicial District, naming as defendant Deutsche Bank Trust Company Americas as Trustee for RALI 2005QS17. Defendant removed the action, alleging that this court had subject matter jurisdiction by reason of diversity of

citizenship, and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as contemplated by 28 U.S.C. § 1332.

The allegations in the state court pleadings pertain to plaintiffs' property on Little Valley Road in Fort Worth, Texas. Plaintiffs claim that on or about November 9, 2005, they allegedly signed a promissory note and deed of trust for the purchase of their property. The note identified Homecomings Financial Network, Inc., as the original mortgagee, and the deed of trust named Mortgage Electronic Registration System as a beneficiary. Plaintiffs claim that the public records of Tarrant County, Texas, do not reflect any assignment or transfer of the deed of trust to defendant, leading plaintiffs to question whether defendant is the true holder of the note. Although plaintiffs have attempted to obtain a loan modification from defendant, defendant has neither approved nor denied plaintiffs' application. Even though defendant has not shown it is the true holder of the note, it has foreclosed on plaintiffs' property and has threatened to evict plaintiffs from the property.

Plaintiffs asserted claims against defendant for common law


fraud, breach of contract, anticipatory breach of contract, trespass to real property, and for injunctive relief and to have the substitute trustee's deed voided.

## II.

### Basic Principles

The court starts with a statement of basic principles announced by the Fifth Circuit:

"The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute."[1] Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995). Any doubts about whether removal jurisdiction is proper must

---

[1] The removal statute, 28 U.S.C. § 1441(a) provides, in pertinent part, that:
[A]ny civil action brought in a State court <u>of which the district courts of the United States have original jurisdiction</u>, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(emphasis added).

therefore be resolved against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

To determine the amount in controversy, the court ordinarily looks to the plaintiff's state court petition. Manguno, 276 F.3d at 723. If it is not facially apparent from the petition that the amount in controversy exceeds the required amount, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing that the amount in controversy is, more likely than not, greater than $75,000. Id.; Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995). The amount in controversy is measured from the perspective of the plaintiff. See Garcia v. Koch Oil Co. of Texas Inc., 351 F.3d 636, 640 n.4 (5th Cir. 2003).

III.

The True Nature of Plaintiffs' Claims

The petition by which plaintiffs initiated this action in the state court does not specify a dollar amount of recovery sought, nor does it define in any way the value of the right sought to be protected or the extent of the injury sought to be

4

prevented. Rather, the allegations of the petition are typical of many state court petitions that are brought before this court by notices of removal in which the plaintiff makes vague, general, and often obviously legally baseless allegations in an attempt to frustrate the procedures a lender is pursuing, or has pursued, to regain possession of residential property the plaintiff used as security for the making of a loan.

As the court has been required to do in other cases of this kind, the court has undertaken an evaluation of the true nature of plaintiffs' claims. Having done so, and having considered the authorities and arguments cited by defendant in the notice of removal, the court is unpersuaded that the amount in controversy exceeds the required jurisdictional minimum.

Nothing on the face of the petition provides sufficient information as to the amount in controversy. In the notice of removal, defendant contends that "[i]n an action seeking injunctive relief, the amount in controversy is measured by 'the value of the object of the litigation,'" or, in other words, "the value of the right to be protected or the extent of the injury to be prevented." Notice of removal at 4. According to defendant,

5

because plaintiffs seek injunctive relief to prevent defendant from taking possession of the property after a foreclosure sale, the value of the extent of the injury to be prevented is the value of the property, so that the value of the property establishes the amount in controversy. Plaintiffs' property purportedly has a fair market value of $142,800.00; thus, defendant claims that this amount, alone or in conjunction with the unspecified damages sought by plaintiffs, constitutes an amount in controversy that exceeds the jurisdictional minimum.

However, the fact that the value of the property mentioned in plaintiffs' pleadings might be more than $75,000.00 does not establish the amount in controversy. Nowhere do plaintiffs in their state court pleadings indicate that the fair market value of the property represents the amount in damages they are requesting.

Further, a review of plaintiffs' pleadings makes clear that their primary dispute is with defendant's authority to conduct a foreclosure sale. While plaintiffs question whether defendant is the true holder of the note, and they take issue with defendant's right or authority to initiate foreclosure proceedings, nothing

6

in the petition gives rise to a legitimate claim to outright title to the property. Plaintiffs' statement in the petition that they attempted to obtain a loan modification is a tacit admission that the property is encumbered by a debt, regardless of whether plaintiffs acknowledge defendant's interest in the property. Hence, the court is convinced that there is no legitimate dispute in this action over ownership to the property, only plaintiffs' efforts to extend the time they can stay on the property and delay any further transfer of interest in the property by defendant.

Further, plaintiffs' mere request for unspecified actual damages, statutory damages, exemplary damages, and attorneys' fees does not support a finding that the requisite amount in controversy exists. Plaintiffs' petition does not state a specific amount of damages, and nothing alleged on the face of the petition would enable the court to conclude that the damages sought would exceed the amount in controversy. Further, without an amount to serve as a basis for compensatory damages, the court cannot form any reliable estimate for the amount plaintiff could recover for additional damages. Therefore, defendant's argument

7

is, at most, speculative, and also fails to establish the amount in controversy.

No information has been provided to the court that would enable the court to place a value on the interest plaintiffs seek to protect by this action. Thus, defendant has not shown by a preponderance of the evidence that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs. Consequently, the court lacks subject matter jurisdiction over the action, and it should be remanded to the state court from which it was removed.

IV.

Order

Therefore,

The court ORDERS that this action be, and is hereby, remanded to the state court from which it was removed.

SIGNED October 22, 2013.

_____
JOHN McBRYDE
United States District Judge